HARRIS AND HIGGINS *v*. STATE.

4274      165 S. W. 2d 895

Opinion delivered November 16, 1942.

*Alfred Featherston,* for appellants.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J. J. D. Harris, Herman Higgins, and Gerald Higgins, two of them young men, the other a boy, were charged, in an information filed by the prosecuting attorney, with stealing nine hogs, the property of one Rush Clark, in Clark county, Arkansas. At the trial from which is this appeal, the court dismissed the prosecution against the boy, on account of his youth. The other two defendants were convicted, and given a sentence of one year each in the penitentiary, from which judgment is this appeal.

It is admitted that the defendants took possession of the hogs, and confined all of them, except one, in a pen. There is some question whether the hogs were taken in Clark or in Pike county, but the verdict of the jury is conclusive of that question, as the jury was told to acquit the defendants unless it were found that the taking occurred in Clark county, an instruction more favorable than defendants were entitled to have given.

The hogs ran at large in an area on both sides of the river which, in that locality, formed the boundary between Pike and Clark counties. The owner of the hogs lived in Clark county, the defendants in Pike county.

Pike county has a stock law which authorizes any one to take up hogs running at large in that county, and to detain them until the charge fixed by law has been paid for their detention. The defendants were arrested when the hogs were found in their possession, and each of them signed a statement, all of which statements were offered in evidence. The taking up of the hogs was admitted in all these statements, but it was recited that the parties intended to notify Clark that they had his hogs, but that they were arrested before they had given this notice.

The defendants offered testimony, which the court refused to admit, to the effect that there was a general impression that Clark county had a stock law similar to that of Pike county, which authorized any one to take up and confine hogs running at large in Clark county. But there does not appear to have been any such law in force in Clark county.

This testimony was properly excluded, for the reason, if for no other, that the defendants did not testify that they were laboring under any such misapprehension. Their written statements having been admitted in evidence as in the nature of confessions, it was, of course, proper for the jury to consider the statements in their entirety, that is, not only their admissions as to what they had done, but also their explanation as to why they had done it. None of them claimed in these statements that they were under any misapprehension as to Clark county having a stock law similar to that in force in Pike county, which permitted any one to take up and confine hogs running at large. Defendants did not testify at the trial, and the only explanation offered by them as to their own intentions was that contained in their signed statements. Defendant Harris said, in his statement, that he wrote Clark a letter the day after he took these hogs up; but Clark was not asked anything about this letter.

Upon the question of the intention of the defendants in taking up the hogs the court gave, at their request, an instruction reading as follows: ''8. You are instructed that even though you find from the evidence that all or part of the hogs alleged to have been stolen were taken possession of by the defendants in Clark county and where there is no law against hogs running at large, still if you find that they had no intention to steal said hogs at the time they took them into their possession, but intended to put them up and make the owner pay for taking up said hogs, then the defendants would not be guilty and you should acquit them.''

Three other instructions of similar purport were given at the request of the defendants, and they were not entitled to have the law more favorably declared. Inasmuch as the defendants, who lived in Pike county, had gone into Clark, the adjoining county, and had there assembled the hogs, and had driven them from Clark county into Pike county, we are unable to say that the jury was not warranted in finding that this was done for the purpose of stealing the hogs.

The intent to steal is the essence of the crime of larceny; but the existence of this intent was submitted to and has been concluded by the verdict of the jury.

Judgments affirmed.